# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION



UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 4:13cr110

KELVIN BROWN,

Defendant.

## OPINION AND ORDER DENYING MOTION TO SEVER

This matter comes before the Court on Defendant's Motion to Sever Count Thirteen ("Motion to Sever"), ECF No. 46. For the reasons stated herein, the Court **DENIES** Defendant's Motion to Sever.

### I. PROCEDURAL AND FACTUAL HISTORY

A federal grand jury indicted Kelvin Brown ("Defendant") and others on November 14, 2013. Ind., ECF No. 1. The indictment charges Defendant with Drug Conspiracy, Possession with Intent to Distribute Cocaine, Distribution of Cocaine Base, Possession of Firearm in a Drug Trafficking Crime, and, in Count Thirteen, of being a Felon in Possession of a Firearm. Id. Defendant moved to sever Count Thirteen on December 19, 2013. Mot. to Sev., ECF No. 46. The Government opposed the Motion and filed its Response on December 23, 2013. ECF No. 48.

In Count One of the Criminal Indictment, the Government alleges that Defendant and his co-defendants were part of a drug conspiracy from 2006 to 2013 in violation of 21 U.S.C. § 846. Ind. 2, ECF No. 1. This conspiracy allegedly involved distributing and possessing with the intent to distribute cocaine base ("crack cocaine"); manufacturing crack cocaine; distributing and possessing with the intent to distribute cocaine; and distributing and possessing with the intent to

1

distribute marijuana. Id. at 2–3. As one of the overt acts in that conspiracy, the Government alleges that on or about September 13, 2013, Defendant possessed with intent to distribute cocaine, a scale, a European Arms .9mm firearm, and marijuana in a barricaded Newport News apartment. Id. at 8. The Government further charges Defendant in Count Twelve of the Indictment with Possession of a Firearm in a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), stemming from the same September 13, 2013, conduct. Id. at 13. Count Thirteen, charging Defendant with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), also stems from the same conduct. Id. at 14. The Indictment also alleges that as part of the general conspiracy, Defendant, as well as his co-defendants, "regularly possessed and carried firearms while engaged in selling and supplying cocaine and cocaine base." Id. at 4.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 8(a) provides that "[t]he indictment . . . may charge a defendant in separate counts with [two] 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). The Fourth Circuit has interpreted "Rule 8(a) [to] 'permit[] very broad joinder' because of the efficiency in trying the defendant on related counts in the same trial." United States v. Cardwell, 433 F.3d 378, 385 (4 Cir. 2005) (citing United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003). Rule 8(a), however, cannot be stretched to cover offenses which are discrete and dissimilar. Mackins, 315 F.3d at 412 (citing United States v. Richardson, 161 F.3d 728, 733 (D.C. Cir. 1998)).

Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses . . . for trial appears to prejudice a defendant . . . the court may order separate trials of counts . . . ." Fed. R. Crim. P. 14(a). District Courts are vested with discretion when deciding whether to grant a motion to sever. United States v. Jamar, 561 F.2d 1103, 1106 (4th Cir. 1977) ("In ruling on a

motion for severance, the trial court is vested with discretion; it must carefully weigh the possible prejudice to the accused against the often equally compelling interests of the judicial process, which include the avoidance of needlessly duplicative trials involving substantially similar proof."). The Rule exists for those rare cases where joinder is proper under Rule 8(a) but severance is required. Cardwell, 433 F.3d at 387. Rule 14 severance should be granted only in those cases where "there is a serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence," not where severance provides Defendant with a better chance of acquittal. Id. (citing Zafiro v. United States, 506 U.S. 534, 539 (1993) and United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995)).

A District Court may deny a motion to sever a count of Felon in Possession of a Firearm from other counts when they share a factual basis that was part of the same criminal scheme or plan. United States v. Rhodes, 32 F.3d 867, 872. This is especially true when the defendant merely asserts that he would be prejudiced by joinder without any particularity as to the harm it would cause. Id. ("We cannot say that the district court clearly abused its discretion in denying the severance motion, especially when no specific allegation of prejudice was made and none is apparent from the record.").

III. ANALYSIS

Joinder of the counts against Defendant is clearly appropriate in this case. The charges against the Defendant "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Count Thirteen stems from actions Defendant allegedly undertook as part of the conspiracy with which he is charged in Count One. Count Thirteen is also based on the same acts as Count Twelve ("Possession of a Firearm in a Drug Trafficking Crime").

In United States v. Hawkins, the Fourth Circuit confronted a case in which a Felon in Possession of a Firearm count was improperly joined with two counts of carjacking. 589 F.3d 694 (4th Cir. 2009). The defendant in that case, a felon, used one gun during the carjackings he committed, and seventeen days later was in possession of a different gun when he was arrested. Id. at 701. The Government attempted to join the carjacking and felon in possession of a firearm counts together, but the Fourth Circuit found that they were not based on the same act, were not part of a common scheme or plan, and that they could not be considered "of the same or similar character" because there was no logical connection between them. Id. at 701, 704. The instant case differs entirely from Hawkins: the counts are explicitly based on the same acts, they were part of a common scheme or plan, and they were of the same or similar character. Defendant allegedly possessed the firearm at issue in Count Thirteen during the course of, and in furtherance of, possessing and intending to distribute the drugs that were part of the indicted conspiracy. Joinder of the counts under Rule 8(a) is proper.

The Court, after weighing the potential prejudice to Defendant and the countervailing interests in promoting judicial efficiency, declines to exercise its discretion under Rule 14(a) to sever Count Thirteen from the other counts against Defendant. The prejudice to Defendant if Count Thirteen is not severed is speculative. Defendant asserts that a jury will be unable to put aside their knowledge of his prior conviction, thus preventing them from giving "full effect to the presumption of innocence," and that he "would be severely prejudiced" thereby. Def. Mem. 3, ECF No. 47.

The Court does not find Defendant's arguments on this point to be persuasive. Beyond the fact that Defendant can point to no particular reason members of the jury would be so incapable of separating the issues in their minds, a stipulation to the fact of a prior conviction greatly reduces this danger by avoiding the need to delve into details of past bad acts. See Old Chief v. United States, 519 U.S. 172, 191 (1977). Further, whatever prejudice remains is more sensibly cured by a limiting instruction to the jury rather than severing Count Thirteen entirely. United States v. Mir, 525 F.3d 351, 357–58. Not severing the counts has the additional benefit of conserving judicial resources: witnesses will not be required to testify to substantially the same information at multiple trials, only one jury would have to be impaneled, and attorneys for both sides can consolidate their time and efforts into one case.

The Court **FINDS** that the counts against Defendant have been properly joined according to Rule 8(a), and further **FINDS** that any possible prejudice to Defendant from joining Count Thirteen, charging Defendant with Possession of a Firearm by a Felon, with the other three Counts against him is not so significant as to require severance.

IV. CONCLUSION

For the reasons given above, the Court **DENIES** Defendant's Motion to Sever, ECF No. 46.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Douman
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
January , 2014