IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 4:13cr110

KELVIN BROWN,

Defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF NICKNAMES

This matter comes before the Court on Kelvin Brown's ("Defendant") Motion in Limine to Exclude Evidence of Nicknames ("Motion in Limine"). ECF No. 74. For the reasons set forth below, the Court **DENIES** the Defendant's Motion in Limine.

I.  PROCEDURAL AND FACTUAL BACKGROUND

The Defendant was originally indicted on November 14, 2013, on various drug and firearms charges. Ind., ECF No. 1. However, on January 13, 2014, a superseding criminal indictment was filed against the Defendant, charging him with Drug Conspiracy, in violation of 21 U.S.C. § 846; two counts of Distribution of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); two counts of Possession of a Firearm in a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Sup. Ind. 1–2, ECF No. 54.

In both indictments, the Defendant was charged as "Kelvin Brown, a/k/a/ Doom," his alleged alias. On February 12, 2014, the Defendant filed the instant Motion in Limine asking the

1

Court to exclude any evidence of this alleged nickname at trial as irrelevant and thus inadmissible under Federal Rules of Evidence 401 and 402, unfairly prejudicial under Federal Rule of Evidence 403, and inadmissible character evidence under Federal Rule of Evidence 404(a). The Government filed a Response in opposition on February 18, 2014. ECF No. 79. The matter is now fully briefed and ripe for decision.

## II. LEGAL STANDARD

Evidence is relevant if it "has any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence, as a general rule, is admissible. Fed. R. Evid. 402. However, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of... unfair prejudice." Fed. R. Evid. 403. Additionally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a).

The Government may introduce evidence of a defendant's alias when its use is necessary to fully identify a defendant. United States v. Delpit, 94 F.3d 1134, 1146 (8th Cir. 1996); see also United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976) (holding that use of an alias is permissible when "the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment"); United States v. Williams, 739 F.2d 297, 299 (7th Cir. 1984) ("As many courts have recognized, a prosecutor may introduce evidence of a defendant's alias or nickname if this evidence aids in the identification of the defendant or in some other way directly relates to the proof of the acts charged in the indictment."). In order to make an alias relevant and its admission permissible, there must be proof of the alias and the alias must hold some relationship to the acts charged, e.g., it may be "part of [the Government's] proof connecting the identity of

2

the defendant" to the acts charged. Clark, 541 F.2d at 1018.

In contrast, admission of a defendant's nickname is impermissible when used only to demonstrate that "the defendant ha[s] some sort of history or reputation for unsavory activity." Williams, 739 F.2d at 299 (holding that detective's testimony that he knew the defendant as "Fast Eddy," which was "completely unrelated to any of the other proof" against him, should not have been admitted); see also Clark, 541 F.2d at 1018 (holding that because the defendant's alias "apparently served no purpose in the prosecution's proof and bore no direct relationship to any of the acts charged," it should not have been admitted).

The Eighth Circuit permitted evidence of the nickname "Monster" to be admitted at a trial when tape recorded conversations used the alias and there was no way the jury could make sense of them without allowing the Government to prove that the defendant was known by that moniker. Delpit, 94 F.3d at 1146 ("There was no way for the jury to avoid hearing Delpit's nickname, because he was referred to in the wiretaps almost exclusively as 'Monster.'"). The Eleventh Circuit permitted the Government to introduce evidence that a defendant was known by "Boss Man" as part of its case that he held a managerial role in a continuing criminal enterprise. United States v. Smith, 918 F.2d 1501, 1511 (11th Cir. 1990) (holding that witnesses who only knew the defendant by that alias could use it to refer to him in testimony, and also that the nickname was relevant to the CCE charge).

However, the Second Circuit vacated an attempted murder conviction where the Government "invited prejudice" in its use of the defendant's nickname, "Murder," by rejecting the defendant's offer to concede identity in order to obviate the need to prove the alias at trial, and also by using the nickname "promptly, repeatedly, and in ways calculated to intensify the prejudice." United States v. Farmer, 583 F.3d 131, 135 (2nd Cir. 2009).

3

> When a defendant charged with a crime of violence is identified before a jury by a nickname that bespeaks guilt, violence, or depravity, the potential for prejudice is obvious. Before receiving such evidence over a defendant's objection, a trial court should consider seriously whether the probative value is substantially outweighed by any danger of unfair prejudice, Fed.R.Evid. 403, and whether introduction of the nickname is truly needed to identify the defendant, connect him with the crime, or prove some other matter of significance. Even so, a potentially prejudicial nickname should not be used in a manner beyond the scope of its proper admission that invites unfair prejudice. Federal Rule of Evidence 404(a) provides . . . that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." It is the ethical obligation of the prosecutor, and the legal obligation of the court, to ensure that this rule is observed.

Id. The court noted that the prosecutors at trial addressed the jurors in a way that "invited prejudice by repeatedly emphasizing Farmer's nickname in a manner designed to suggest that he was known by his associates as a murderer and that he acted in accordance with that propensity in carrying out the acts charged in the indictment," and this improper use necessitated a new trial for the defendant. Id.

### III. DISCUSSION

#### A. EVIDENCE OF THE DEFENDANT'S ALLEGED ALIAS IS RELEVANT

There is no question that evidence of the Defendant's alleged alias meets Rule 401's definition of relevant in this case. The Government intends to show that text messages arranging drug deals ascribed to someone known as "Doom" in fact refer to the Defendant, that a number of government witnesses who engaged in drug deals with the Defendant only know him by that alias, and that "Doom" was used by the Defendant to refer to himself. Evidence that shows the Defendant went by that nickname would clearly make it more likely that the Government's putative identification of the Defendant as a drug dealer is correct. Thus under Rule 402, evidence of the Defendant's alias is admissible unless prohibited by another Rule of Evidence.

#### B. USE OF ALLEGED ALIAS DOES NOT CONSTITUTE UNFAIR PREJUDICE UNDER RULE 403

The Defendant's alleged alias in this case would not cause him unfair prejudice. In this case, there is substantial evidence that would not be comprehensible to a jury without knowledge of the Defendant's alias. The Government plans to introduce numerous text messages between the Defendant and co-conspirators in which his name is stored in the phone as "Doom," and evidence that in fact the Defendant refers to himself as "Doom" in one of the texts. These text messages are directly relevant to the Government's case—they allegedly tie the Defendant to specific drug deals—and thus the Government has a strong interest in showing them directly to the jury. Knowledge of the Defendant's alias is also necessary for the jury to make sense of a large amount of other direct evidence in this case: courtroom testimony of Government witnesses who allegedly conducted drug transactions with the Defendant and only knew him as "Doom"; tape recordings in which a cooperating witness buys drugs from someone he calls "Doom," allegedly referring to the Defendant; and a tape recorded jail telephone call in which the Defendant allegedly referred to himself as "Doom."

Evidence of the Defendant's alleged nickname is clearly "necessary to identify the defendant in connection with the acts charged in the indictment." Clark, 541 F.2d at 1018. This evidence is relevant and not substantially outweighed by any prejudice that the Defendant might suffer, and thus it is admissible under Rule 403.[1]

### C. USE OF ALLEGED ALIAS IS NOT IMPERMISSIBLE CHARACTER EVIDENCE UNDER RULE 404(a)

Evidence of the Defendant's alias also is not character evidence barred under Rule 404(a). That rule holds that evidence of character is not permissible "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evidence 404(a). In

---

[1] Of course, "[i]f, however, the government fails to offer proof at trial that the aliases listed in the indictment tend to identify defendant and connect him with the acts he is charged with, defendant may renew this motion at that time." United States v. Brodie, 326 F. Supp. 2d 83, 90 (D.D.C. 2004) (citing Clark, 541 F.2d at 1018).

5

this case, however, the alias will be used to identify the Defendant, not to prove that he acted in accordance with any aggressive or violent tendencies that the nickname might connote.

In Williams, the prosecutor introduced evidence that the police knew the defendant as "Fast Eddie." 541 F.2d at 299. As the Seventh Circuit noted, the "only possible purpose in eliciting the testimony was to create an impression in the minds of the jurors that the defendant was known by the police to be an unsavory character or even a criminal." Id. This testimony "was completely unrelated to any of the other proof against the defendant" and thus "tantamount to testimony about a defendant's character that is proffered to show the probability that the defendant acted in conformity with that character in a particular case." Id. at 300.

In the instant case, on the other hand, evidence of the Defendant's alleged alias is highly relevant to a significant amount of other proof against him. The Government is not introducing the evidence to show that the police knew the Defendant by a nickname, and thus implying that he had a shady history. The Government proposes to use the alias "Doom" to identify the Defendant as the recipient and sender of particular text messages, as the seller of drugs in recorded controlled buys, and as the speaker on a recorded jail call, among other things. The alias is not character evidence, but identity evidence.

The Defendant argues that "Doom," in the context of this case, "improperly impl[ies] that Mr. Brown is of a violent or aggressive character," and cites the Second Circuit's decision to prohibit use of the nickname "Murder" in a case of attempted murder. Mot. in Lim. 3, ECF No. 74 (citing Farmer, 583 F.3d at 135). However, a number of facts serve to distinguish the instant case from Farmer. First of all, in that case the nickname and the alleged crime were identical. Here, "Doom," while obviously carrying generally negative connotations, does not particularly convey the image of a drug dealer, substantially reducing the potential for prejudice.

More importantly, in <u>Farmer</u> the ultimate holding was based on the prosecution's improper use of an admissible nickname. It was the manner that the Government used the defendant's nickname, "designed to suggest that he was known by his associates as a murderer and that he acted in accordance with that propensity in carrying out the acts charged in the indictment," that entitled the defendant to a new trial—not admission of the nickname per se. <u>Id.</u> In this case, there is no credible suggestion that the Government will use "Doom" to convince the jury that the Defendant has bad character and acted in accordance with it when committing the crimes for which he has been indicted; for example, in <u>Farmer</u> the Government refused to allow the defendant to concede identity in return for excluding evidence of the alias, whereas in this case no such exchange has occurred. In fact, the Government has listed numerous legitimate reasons to use the Defendant's alias. If the Government should attempt to misuse the Defendant's nickname at trial, objections and/or jury instructions are the appropriate remedy, not a speculative motion in limine seeking to exclude all evidence of the alias.

The Government does not offer Defendant's alleged alias as evidence of his bad character, or to prove that he acted in accordance with any aggressive or violent tendencies the nickname "Doom" might connote. The evidence is instead offered for the legitimate purpose of proving that the Defendant in fact committed the crimes with which he has been charged. Therefore, it is not inadmissible under Rule 404(a).

IV. **CONCLUSION**

The Defendant's alias, "Doom," is relevant to the question of identity in this case, and therefore admissible. Introduction of evidence regarding the nickname will not cause undue prejudice under Rule 403, and it is not offered as impermissible character evidence as defined by Rule 404(a). The Court, therefore, **DENIES** the Defendant' Motion in Limine. ECF No. 74.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

IT IS SO ORDERED.

/s/
Robert G. Doumar
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 12, 2014