

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 4:13cr110

KELVIN BROWN,

   Defendant.

## OPINION AND ORDER

This matter comes before the Court on Kelvin Brown's ("Defendant") two Motions for Leave to File Additional Motions, Memoranda, and Exhibits ("First and Second Motion for Additional Time"), ECF Nos. 45 and 73, and the Government's Motion for the Court to Declare That This Case is Complex and Unusual Within Meaning of Speedy Trial Act ("Motion to Declare the Case Complex"), ECF No. 77. For the reasons set forth herein, the Government's Motion to Declare the Case Complex, ECF No. 77, is **GRANTED**, Defendant's Second Motion for Additional Time, ECF No. 73, is **GRANTED**, and Defendant's First Motion for Additional Time, ECF No. 45, is **DISMISSED** as moot.

### I.     PROCEDURAL BACKGROUND

A criminal indictment against the Defendant was returned on November 14, 2013, charging him with five drug and firearm charges. Ind., ECF No. 1. On December 19, 2013, the Defendant filed his First Motion for Additional Time. ECF No. 45. On January 13, 2014, the Defendant was charged in a superseding indictment with Drug Conspiracy, in violation of 21 U.S.C. § 846; Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); two counts of Distribution of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Possession with Intent to Distribute 28 Grams or More of Cocaine

1

Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); two counts of Possession of Firearm in a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Sup. Ind., ECF No. 54.

On February 12, 2014, the Defendant filed his Second Motion for Additional Time, which the Government did not oppose, ECF No. 73, as well as a Notice of Alibi, ECF No. 75. Then on February 14, 2014, the Government filed its Motion to Declare the Case Complex, which the Defendant did not oppose at the time. ECF No. 77. A hearing was held on March 4, 2014, where argument from both sides was heard. At that hearing, the Defendant notified the Court and the Government that he now opposes the Government's Motion to Declare the Case Complex. Trial is currently set to begin in three weeks' time. The instant motions are now ripe for decision.

## II. LEGAL STANDARD

The Speedy Trial Act permits the presiding judge to continue a trial past the default 70-day deadline "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The reasons for such a decision must be set forth on the record, whether orally or in writing. Id. Among the factors to consider is "Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Id. at (B)(ii). Deadlines for filing pretrial motions are set by the Court. Fed. R. Crim. P. 12(c).

## III. DISCUSSION

The Government argues in its Motion to Declare the Case Complex that the sheer number of witnesses and amount of evidence needed to prove the eight counts against the Defendant,

2

covering some 13 years, justify a continuance, notwithstanding the Speedy Trial Act. ECF No. 77. At the March 4, 2014, hearing, the Court heard representations from the parties concerning the complexity of the case, and found that the ends of justice do require a continuance in this case, and that this need outweighs the best interest of the public and the defendant in a speedy trial.

A number of facts lead to this result. The Government has represented that it now has 33 potential witnesses to call now that more of the Defendant's co-defendants have pled guilty. Defense counsel advised the Court that his client has given him 15 to 20 people to interview and possibly call as witnesses; some of these people have already been served with subpoenas, whereas some have not even been contacted yet. This case covers 13 years, making it very factually complex—a fact that is only exacerbated by the Defendant's proposed alibi that he was incarcerated during significant periods of the alleged conspiracy. There are a number of recorded events, such as controlled buys, executions of search warrants, and jail calls. Numerous business records are at issue in this case, including pen registers and phone records (both calls and text messages). Analysis of DNA evidence has not yet come back from the lab. Even at a very rapid pace of 5 witnesses per day, the Court does not believe that the trial could possibly be finished in less than 13 trial days. All of these facts compel the Court to find that this case is complex and unusual within the meaning of the Speedy Trial Act and that it is "unreasonable to expect adequate preparation . . . for the trial" without a continuance. 18 U.S.C. § 3161(h)(7)(B)(ii).

## IV. CONCLUSION

Because the Court finds that this case is unquestionably complex and unusual within the meaning of the Speedy Trial Act, the Court **GRANTS** the Government's Motion to Declare the Case Complex. ECF No. 77. The Court therefore **ORDERS** that the trial be continued to July 22, 2014. Consequently, the Court also **GRANTS** the Defendant's Second Motion for Additional

Time. ECF No. 73. All pretrial motions are **ORDERED** filed no later than June 9, 2014. Finally, the Defendant's First Motion for Additional Time, filed before the superseding indictment was returned, is **DISMISSED** as moot. ECF No. 45.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 6, 2014